IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES GLENN WILDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 118-157 |
| | ) | |
| TIMOTHY C. WARD, Commissioner, | ) | |
| Georgia Department of Corrections, | ) | |
| | ) | |
| Respondent.[1] | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the petition for lack of exhaustion. (Doc. no. 11.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED IN PART**, (doc. no. 11), Petitioner's ground one claim for ineffective assistance of appellate counsel be **DISMISSED** for failure to exhaust, and Petitioner be **ORDERED** to either (1) dismiss the petition in its entirety so that he may present to the state habeas court his unexhausted claim for ineffective assistance of appellate counsel; or (2) notify the Court of his preference to proceed in this Court only with respect to his remaining exhausted claims.

---

[1]Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Commissioner Timothy C. Ward as Respondent.

**I.  BACKGROUND**

On April 16, 2007, a jury sitting in the Superior Court of Lincoln County, Georgia, convicted Petitioner of one count each of aggravated child molestation and statutory rape, and two counts each of child molestation and sexual exploitation of a child. (Doc. no. 1, pp. 1-2).  Petitioner was initially sentenced to two consecutive life sentences plus sixty years. Wilder v. State, 717 S.E.2d 457, 458 (Ga. 2011).  Prior to his trial and sentence, Petitioner filed a motion to suppress the warrantless search of a briefcase.  Id.; (doc. no. 1, pp. 4-6; doc. no. 9, pp. 1-8.)  On direct review, the Georgia Supreme Court stated the facts as follows based on the suppression hearing in the Superior Court of Lincoln County:

> An investigating officer received information from the victim and another woman, April Quick, that Wilder had a briefcase containing videotapes of the victim and Wilder engaging in sex acts, and that the briefcase was at the home of Wilder's friend, Judy Malin.  Malin testified that Wilder had been at her home with the victim on one occasion and that, on another occasion, Wilder left a locked briefcase at her home and told her he would "pick it back up later."  Malin stated further the briefcase was at her home for several months before she was contacted by the officer who asked that she turn it over to him. She testified that she was reluctant, confused, and frightened, but that she "felt like she was cooperating with whatever needed to be done" and that she wanted the briefcase "out of my house."
>
> The officer requested that Quick retrieve the briefcase from Malin's home and bring it to him. Quick testified that when she gave him the briefcase, the officer gave her $20 "for my gas because I had no gas." Once the officer had possession of the briefcase, he obtained a search warrant to search its contents. Inside the briefcase officers found DVDs containing explicit images of the victim, videotapes containing images of Wilder and the victim engaging in sexual intercourse, and copies of portions of the Georgia Code (downloaded while the victim was 15 years old) defining sodomy, statutory rape, and child molestation with the text "under the age of 16 years" highlighted.
>
> Regarding the briefcase, the evidence further reflected that Wilder had contacted Malin at some point after leaving it at her home, specifically

> requested that Malin not give it to anyone, and promised to retrieve it at a later date.

Wilder v. State, 717 S.E.2d 457, 458 (Ga. 2011) (citations omitted). The Lincoln County Superior Court denied Petitioner's motion, and the evidence was used at Petitioner's trial. (See doc. no. 1, pp. 4-6; doc. no. 9, pp. 1-8.)

Following trial, sentencing, and denial of Petitioner's motion for a new trial, Petitioner filed an appeal with the Georgia Court of Appeals claiming the Lincoln County Superior Court erred by (1) denying his motion to suppress evidence; (2) sentencing him as a recidivist; (3) failing to merge two counts of his indictment; (4) failing to grant his motion for directed verdict; and (5) imposing a cruel and unusual sentence. Wilder v. State, 698 S.E.2d 374, 376 (Ga. Ct. App. 2010), *rev'd and remanded by* 717 S.E.2d 457 (Ga. 2011). He also argued the indictment was defective, and his trial counsel provided ineffective assistance of counsel. Id. The Georgia Court of Appeals upheld Petitioner's conviction but remanded the case for resentencing. Id. at 376-79.

Petitioner appealed to the Georgia Supreme Court, arguing the Georgia Court of Appeals improperly applied the independent source doctrine as to Petitioner's motion to suppress. Wilder v. State, 717 S.E.2d 457, 457 (Ga. 2011). The Georgia Supreme Court reversed the Georgia Court of Appeals' ruling on the independent source doctrine and remanded the case for consideration of whether the inevitable discovery doctrine and third-party consent rule applied. Id. at 460-61. On remand, the appeals court further remanded Petitioner's motion to suppress to the Superior Court to make findings regarding the issues outlined by the Georgia Supreme Court. Wilder v. State, 271 S.E.2d 661 (Ga. Ct. App.

3

2011) (mem.). The Superior Court again denied Petitioner's motion to suppress based on both the inevitable discovery doctrine and third-party consent rule. Petitioner appealed that decision, and the Georgia Court of Appeals affirmed based on the inevitable discovery doctrine and did not consider third party consent. Wilder v. State, 740 S.E.2d 241, 242-44 (Ga. Ct. App. 2013). Petitioner appealed that decision, but the Georgia Supreme Court denied certiorari on June 15, 2015. (Doc. no. 1, p. 4.)

On February 16, 2017, Petitioner was resentenced pursuant to the Georgia Court of Appeals' first remand in 2011 to a total of thirty-five years, with a mandatory twenty-five years in imprisonment. (Id. at 1.); Wilder v. State, 806 S.E.2d 200, 201 (Ga. Ct. App. 2017). Petitioner appealed his sentence again, and on October 4, 2017, the Georgia Court of Appeals affirmed. Id. at 200-02. Petitioner did not file a state habeas petition and filed the instant § 2254 petition on September 17, 2018. (Doc. no. 1.) On November 19, 2018, Petitioner filed a Memorandum of Law in Support of Habeas Corpus Petition, and on the same day, Respondent filed a motion to dismiss for lack of exhaustion. (Doc. nos. 9, 11.)

Petitioner raises four grounds for relief in his § 2254 petition. (See doc. nos. 1, 9.) In his original petition, Petitioner stated his only ground for relief was improper application of the inevitable discovery doctrine by the Georgia Court of Appeals and Supreme Court of Georgia. (Doc. no. 1, p. 4.) In his memorandum, Petitioner claims: (1) ineffective assistance of appellate counsel for failing to raise on appeal issues and facts concerning Petitioner's suppression hearing that were not properly addressed by the Superior Court; (2) the Georgia Court of Appeals improperly refused to consider the issues of bailment or third

4

party consent, and did not answer the question whether seizure of his briefcase was illegal; and (3) the Georgia Court of Appeals' ruling was contrary to United States Supreme Court precedent by affirming denial of his motion to suppress and application of the inevitable discovery doctrine. (See doc. no. 9.)

Respondent argues the petition should be dismissed under 28 U.S.C.§ 2244 (b) and (c) because it is a mixed petition asserting an unexhausted claim in ground one and exhausted claims in grounds two and three. (See doc. no. 11.) On December 14, 2018, Petitioner informed the Court he had not received Respondent's motion to dismiss, was unable to adequately respond, requested an appropriate amount of time to respond to Respondent's motion, and generally opposed the motion. (Doc. no. 14.) The Court directed Respondent to re-serve the motion to dismiss and extended Petitioner's deadline to respond until twenty-one days after Respondent re-served the motion. (Doc. no. 15; see also doc. no. 16.) Respondent certified that it re-served the motion on December 21, 2018, making Petitioner's response due January 11, 2019. Petitioner never filed a response to the motion.

## II. DISCUSSION

### A. The Court Should Dismiss as Unexhausted Petitioner's Ground One Claim and Require Petitioner to Elect Whether to Proceed with His Exhausted Claims or Dismiss the Petition and Return to State Court to Exhaust Ground One

#### 1. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies

5

available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in

6

state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277.

### 2. Petitioner's Ground One Claim is Unexhausted

Petitioner has not exhausted his claim for ineffective assistance of appellate counsel. Petitioner could not have raised this claim on appeal because attorneys are not expected to argue their own inadequacies. See Williams v. State, 606 S.E.2d 594, 595 (Ga. Ct. App. 2004) (finding only means by which defendant could bring ineffective assistance of appellate counsel claim was through habeas corpus proceeding). However, pursuant to O.C.G.A. § 9-14-48(d), Petitioner could have filed a state habeas corpus petition to assert the ineffective assistance claim. Petitioner never filed a state habeas corpus petition despite it being available to him, and there is no suggestion in the record he was precluded from seeking state habeas relief. See O.C.G.A. § 9-14-42(c) and (d) (stating prisoner has four years to file state

habeas in felony convictions and is informed of limitations period at sentencing). Thus, Petitioner's ineffective assistance of appellate counsel claim is unexhausted. Respondent does not dispute Petitioner's remaining claims are in fact exhausted, and therefore, Petitioner filed a mixed petition of exhausted and unexhausted claims. See Rhines, 544 U.S. at 277.

### 3. Staying the Case While Petitioner Returns to State Court to Exhaust Ground One is Inappropriate

Generally, if a petition is mixed and the petitioner declines an opportunity to amend the petition to remove the unexhausted claims, the petition should be dismissed without prejudice, allowing the petitioner to either exhaust state remedies or file a new petition with only exhausted claims. Isaac v. Augusta SMP Warden, 470 F. App'x 816, 818-19 (11th Cir. 2012) (citing Rose v. Lundy, 455 U.S. 509, 519–20 (1982)). However, petitioners with mixed petitions run the risk of losing their opportunity for any federal review of their claims because a petitioner cannot control when district courts will resolve the exhaustion question, rendering numerous petitions time-barred when re-filed in federal court. Rhines, 544 U.S. at 275. AEDPA contains a one-year statute of limitations for federal habeas corpus petitions in 28 U.S.C. § 2244(d)(1) that is tolled while a "properly filed application for state postconviction or other collateral review" is pending but is not tolled while a federal petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001); see also Thomas v. Sec'y, Dep't of Corr., No. 15-14906-E, 2017 WL 5070228, at *2 n.1 (11th Cir. July 26, 2017).

Because of this concern with the AEDPA one-year limitations period, a court may stay the case and hold the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines, 544 U.S. at 277-78; see

8

also Isaac, 470 F. App'x at 819 (citing Rhines). A stay and abeyance is only permitted when (1) there is good cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication the petitioner engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 277-78; Isaac, 470 F. App'x at 819. If these conditions are satisfied, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition." Rhines, 544 U.S. at 278. The stay and abeyance procedure is limited to these extraordinary circumstances because of the potential to (1) frustrate "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) undermine "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. at 277.

Under Rhines, the first consideration is whether dismissal without prejudice will risk any subsequently filed federal petition being time barred, causing Petitioner to be unable to obtain federal relief. Id. at 275. Pursuant to AEDPA, 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

(1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

9

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner's appeal of his resentencing was denied on October 4, 2017, his conviction became "final" when the thirty-day period to appeal expired. Wilder v. State, 806 S.E.2d 200, 200-02 (Ga. Ct. App. 2017); O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's conviction became final around November 2017, at the very latest. O.C.G.A. § 5-6-38(a)

Petitioner then had one year to file his federal habeas corpus petition or take other action to toll the one-year limitations period. The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). However, Petitioner did not file a state habeas petition. (Doc. no. 9, p. 2.); see Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). Thus, if the Court denies Petitioner's present

petition without prejudice, any further federal petition may be subject to denial under the one-year statute of limitations.

AEDPA describes three situations which may delay or reset its one-year statute of limitations: (1) a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) the State has created some "impediment" to filing the application; or (3) the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). The Court assumes for the present discussion none of the three apply.

Despite any later petition likely being time barred, Petitioner is not entitled to a stay and abeyance because he failed to show good cause for failing to exhaust his ineffective assistance of appellate counsel claim in state court. See Rhines, 544 U.S. 277-78; Isaac, 470 F. App'x at 819. As explained in § II.B., state habeas courts are clearly an available forum for Petitioner to pursue his ineffective assistance of appellate counsel claims. Williams, 606 S.E.2d at 595. However, Petitioner never responded to Respondent's motion to explain why he did not file a state habeas petition asserting his ineffective assistance of appellate counsel claim. Because Petitioner failed to show good cause, a stay and abeyance is unwarranted. Because Petitioner has not satisfied the good cause requirement, the Court does not reach the second and third prongs of the Rhines analysis.

#### 4. Petitioner Must Elect Whether to Proceed With His Exhausted Claims or Return to State Court to Exhaust Ground One

Where, as here, a stay and abeyance is unwarranted, a district court must offer the petitioner a choice of either dismissing the petition and returning to state court or amending the habeas petition to present only exhausted claims. Rhines, 544 U.S. at 278; King v. Chase, 384 F. App'x 972, 975 (11th Cir. 2010). However, "when it is obvious that the unexhausted claims would be procedurally barred in state court . . . , a district court can . . . just treat those claims now barred by state law as no basis for federal habeas relief." King, 384 F. App'x at 975 (quoting Snowden v. Singletary, 135 F.3d 732, 736-37 (11th Cir.1998)).

There is no such obvious procedural bar here because Petitioner has four years from the date his conviction became final by conclusion of direct review to file a state habeas corpus petition claiming ineffective assistance of appellate counsel. See O.C.G.A. §§ 9-14-42(c), 5-6-38(a). Accordingly, the Court should require Petitioner to either (1) dismiss the current petition in its entirety and return to state court to exhaust his ground one claim for ineffective assistance of appellate counsel; or (2) proceed in this Court only with respect to his exhausted claims. Petitioner should keep in mind when considering either option that any subsequently filed federal habeas petition would be subject to all provisions and limitations governing § 2254 petitions.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED IN PART**, (doc. no. 11), Petitioner's ground one claim for ineffective assistance of appellate counsel be **DISMISSED** for failure to

exhaust, and Petitioner be **ORDERED** to either (1) dismiss the petition in its entirety so that he may present to the state habeas court his unexhausted claim for ineffective assistance of appellate counsel; or (2) notify the Court of his preference to proceed in this Court only with respect to the remaining exhausted claims.

SO REPORTED and RECOMMENDED this 11th day of July, 2019, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA