IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAMES GLENN WILDER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>TIMOTHY C. WARD, Commissioner, )<br>Georgia Department of Corrections, )<br>)<br>Respondent. ) | CV 118-157 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at Wheeler Correctional Facility in Alamo, Georgia, brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.    BACKGROUND**

On April 16, 2007, a jury sitting in the Superior Court of Lincoln County, Georgia, convicted Petitioner of one count each of aggravated child molestation and statutory rape, and two counts each of child molestation and sexual exploitation of a child. (Doc. no. 1, pp. 1-2). Petitioner was initially sentenced to two consecutive life sentences plus sixty years. Wilder v. State, 717 S.E.2d 457, 458 (Ga. 2011). Prior to his trial and sentence, Petitioner filed a motion to suppress the warrantless search of a locked briefcase, which was

Defendant's property but not in his possession when the state seized the briefcase. Id.; (doc. no. 1, pp. 4-6; doc. no. 9, pp. 1-8; doc. nos. 22-1, 22-2.)  The Georgia Supreme Court stated the facts as follows based on the suppression hearing in the Superior Court of Lincoln County:

> An investigating officer received information from the victim and another woman, April Quick, that Wilder had a briefcase containing videotapes of the victim and Wilder engaging in sex acts, and that the briefcase was at the home of Wilder's friend, Judy Malin.  Malin testified that Wilder had been at her home with the victim on one occasion and that, on another occasion, Wilder left a locked briefcase at her home and told her he would "pick it back up later."  Malin stated further the briefcase was at her home for several months before she was contacted by the officer who asked that she turn it over to him. She testified that she was reluctant, confused, and frightened, but that she "felt like she was cooperating with whatever needed to be done" and that she wanted the briefcase "out of my house."
>
> The officer requested that Quick retrieve the briefcase from Malin's home and bring it to him. Quick testified that when she gave him the briefcase, the officer gave her $20 "for my gas because I had no gas." Once the officer had possession of the briefcase, he obtained a search warrant to search its contents. Inside the briefcase officers found DVDs containing explicit images of the victim, videotapes containing images of Wilder and the victim engaging in sexual intercourse, and copies of portions of the Georgia Code (downloaded while the victim was 15 years old) defining sodomy, statutory rape, and child molestation with the text "under the age of 16 years" highlighted.
>
> Regarding the briefcase, the evidence further reflected that Wilder had contacted Malin at some point after leaving it at her home, specifically requested that Malin not give it to anyone, and promised to retrieve it at a later date.

Wilder v. State, 717 S.E.2d 457, 458 (Ga. 2011) (citations omitted).  The Lincoln County Superior Court denied Petitioner's motion based on third party consent and the independent

source doctrine, resulting in the prosecution using the evidence obtained from the briefcase at Petitioner's trial.  (See doc. no. 1, pp. 4-6; doc. no. 9, pp. 1-8.)

Following trial, sentencing, and denial of Petitioner's motion for a new trial, Petitioner filed an appeal with the Georgia Court of Appeals claiming the Lincoln County Superior Court erred by (1) denying his motion to suppress evidence; (2) sentencing him as a recidivist; (3) failing to merge two counts of his indictment; (4) failing to grant his motion for directed verdict; and (5) imposing a cruel and unusual sentence.  Wilder v. State, 698 S.E.2d 374, 376 (Ga. Ct. App. 2010), *rev'd and remanded by* 717 S.E.2d 457 (Ga. 2011).  He also argued the indictment was defective, and his trial counsel provided ineffective assistance of counsel.  Id.  The Georgia Court of Appeals upheld Petitioner's conviction but remanded the case for resentencing.  Id. at 376-79.

Petitioner appealed to the Georgia Supreme Court, arguing the Georgia Court of Appeals improperly applied the independent source doctrine as to Petitioner's motion to suppress.  Wilder v. State, 717 S.E.2d 457, 457 (Ga. 2011).  The Georgia Supreme Court reversed the Georgia Court of Appeals' ruling on the independent source doctrine and remanded the case for consideration of whether the inevitable discovery doctrine and third-party consent rule applied.  Id. at 460-61.  On remand, the appeals court further remanded Petitioner's motion to suppress to the Superior Court to make findings regarding the issues outlined by the Georgia Supreme Court.  Wilder v. State, 271 S.E.2d 661 (Ga. Ct. App. 2011) (mem.).  The Superior Court again denied Petitioner's motion to suppress, but its decision was based on the inevitable discovery doctrine and third-party consent rule.  (Doc.

3

no. 22-4.) Petitioner appealed that decision, and the Georgia Court of Appeals affirmed based on the inevitable discovery doctrine and did not consider third party consent. Wilder v. State, 740 S.E.2d 241, 242-44 (Ga. Ct. App. 2013). Petitioner appealed again, but the Georgia Supreme Court denied certiorari on June 15, 2015. (Doc. no. 1, p. 4.)

On February 16, 2017, Petitioner was resentenced pursuant to the Georgia Court of Appeals' first remand in 2011 to a total of thirty-five years, with a mandatory twenty-five years in imprisonment. Wilder v. State, 806 S.E.2d 200, 201 (Ga. Ct. App. 2017). Petitioner appealed his sentence again, and on October 4, 2017, the Georgia Court of Appeals affirmed. Id. at 200-02. Petitioner did not file a state habeas petition and filed the instant § 2254 petition on September 17, 2018. (Doc. no. 1.) On November 19, 2018, Petitioner filed a Memorandum of Law in Support of Habeas Corpus Petition, and on the same day, Respondent filed a motion to dismiss for lack of exhaustion. (Doc. nos. 9, 11.)

On August 13, 2019, the Court granted in part and denied in part Respondent's motion to dismiss, dismissing Petitioner's ground one claim for ineffective assistance of appellate counsel for failure to exhaust. (Doc. no. 19.) The Court also ordered Petitioner, within fourteen days of the August 13 Order, to either (1) dismiss the petition in its entirety so that he may present to the state habeas court his unexhausted claim for ineffective assistance of appellate counsel; or (2) notify the Court of his preference to proceed in this Court only with respect to the remaining exhausted claims. (Id.) However, Petitioner never responded to the Court's order.

4

Because Petitioner would likely be precluded from future habeas relief based on the limitations period, on September 16, 2019, the Court gave Petitioner and Respondent until October 15, 2019 to file their respective briefs on the exhausted grounds for relief. (Doc. no. 20.) On October 15, 2019, Respondent filed his amended answer and corresponding brief in opposition to the Petitioner's remaining grounds for relief, along with the accompanying transcripts and prior state court proceedings. (Doc. nos. 21-23.) Petitioner never responded.

In his remaining grounds of relief, Petitioner contends (1) the rulings of the Georgia Court of Appeals and the Supreme Court of Georgia on his motion to suppress were contrary to federal law by improperly applying the inevitable discovery doctrine, (doc. no. 1, p. 4); (2) the Georgia Court of Appeals failed to consider the issues of bailment and third party consent, and did not determine whether the briefcase seizure was illegal, (doc. no. 9, p. 6); and (3) the Georgia Court of Appeals ignored United States Supreme Court precedent by affirming denial of his motion to suppress based on the inevitable discovery doctrine, (doc. no. 9, pp. 6-8). Respondent argues all remaining, exhausted grounds for relief are precluded from federal habeas review under Stone v. Powell, 428 U.S. 465, 465 (1976). (Doc. nos. 21; 21-1.) Respondent also argues the second claim enumerated above, concerning the alleged failure to consider bailment and third-party consent, fails to state a claim for relief because there is no violation of federal law. (Doc. no. 21-1, pp. 8-9.)

## II. STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

5

>       An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -
>       (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>       (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is wrong; "even clear error will not suffice." White v. Woodall,

6

572 U.S. 415, 419 (2014). Rather, the habeas petition must show the state court's decision was "objectively unreasonable." Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Woods v. Donald, 575 U.S. 312, 316 (2015) (a petitioner must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement."). A showing that the state court's determination was unreasonable is a substantially higher threshold than whether it was correct. Reed v. Sec'y, Fla. Dep't of Corr., 767 F.3d 1252, 1260-61 (11th Cir. 2014); Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1325 (11th Cir. 2013). In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 563 U.S. at 181.

Moreover, under AEDPA's highly deferential standard of review for state court factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, § 2254(e)(1) requires the Court "to presume the correctness of state courts' factual findings" unless the habeas petitioner rebuts that presumption "with clear and convincing evidence." Nejad v. Att'y Gen., State of Ga., 830 F.3d 1280, 1289 (11th Cir. 2016) (citing Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007)); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review."). "The Supreme Court has not yet

7

defined § 2254(d)(2)'s precise relationship to § 2254(e)(1). . . . Whatever that precise relationship may be, a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016) (citing Wood v. Allen, 558 U.S. 290, 301 (2010)).

## III.   DISCUSSION

Petitioner's remaining grounds of relief focused entirely on appellate review of the denial of Petitioner's motion to suppress. According to the Supreme Court in Stone, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494 (footnotes omitted). In the Eleventh Circuit, "for a claim to be fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court." Sheffield v. Sec'y, Dep't of Corr., No. 16-15420-F, 2016 WL 9461762, at *1 (quoting Tukes v. Dugger, 911 F.2d 508, 513-14 (11th Cir. 1990) (internal quotation marks omitted)); see also Bradley v. Nagle, 212 F.3d 559, 565 (11th Cir. 2000) (requiring one evidentiary hearing at trial court and availability of meaningful appellate review); Hearn v. Florida, 326 F. App'x 519, 521-22 (11th Cir. 2009) (same).

Petitioner filed a motion to suppress the warrantless search of his briefcase with the trial court, which conducted two evidentiary hearings, one initially and one on remand. (Doc. nos. 22-1 — 22-4, 22-12, 23.); see Wilder v. State, 717 S.E.2d 457, 458 (Ga. 2011) (discussing and remanding direct appeal of denial of motion to suppress), *after remand and hr'g* 740 S.E.2d 241, 242-44 (Ga. Ct. App. 2013) (affirming denial of motion to suppress after second evidentiary hearing and ruling after remand). The trial court concluded the seizure and search was constitutional because Ms. Malin, a third party holding the briefcase, consented to seizure of the briefcase, and, alternately, the evidence in the briefcase was admissible under the independent source doctrine initially and, after remand, under the inevitable discovery doctrine. (Doc. nos. 22-3, 22-4.) The trial court addressed the issue of bailment on remand while discussing third party consent. (Doc. no. 22-4.)

Through the entire direct appeal process and after remand, the Supreme Court of Georgia and the Georgia Court of Appeals considered all of the legal issues Petitioner now raises. See Wilder v. State, 717 S.E.2d 457, 458 (Ga. 2011) (finding independent source doctrine did not apply and remanding for additional evidence and ruling on third party consent and inevitable discovery doctrine), *after remand and hr'g* 740 S.E.2d 241, 242-44 (Ga. Ct. App. 2013) (affirming superior court's second denial of motion to suppress on remand based on inevitable discovery doctrine and refusing to consider third party consent because issue moot). Petitioner had an opportunity to litigate fully and fairly his Fourth Amendment suppression issue through two evidentiary hearings and rulings at the trial level and appellate reviews of each ruling. See Sheffield, 2016 WL 9461762, at *1-2 (denying

§2254 relief based on challenge of state court ruling of Fourth Amendment issue where state prisoner received evidentiary hearing at trial level of underlying criminal conviction and meaningful appellate review was available).  The fact Petitioner disagrees with the rulings by the trial court, Georgia Court of Appeals, and Supreme Court of Georgia is irrelevant, and all of his remaining, exhausted grounds for relief are precluded from federal habeas review.  Stone, 428 U.S. at 494.

### IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 20th day of March, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA